Cancio, Demandante y Apelado, *v.* Ramírez et al., Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de Mayagüez, en causa sobre cobro de dinero.

No. 1371.—Resuelto en julio 28, 1916.

Pagaré—Fiadores—Principales Pagadores—Acción contra Otros Deudores Solidarios y Mancomunados.—Una sentencia no satisfecha dictada a favor del poseed'or de un pagaré y en contra del deudor principal no constituye obstáculo alguno a la acción que pueda establecerse contra otros deudores solidarios y mancomunados, de acuerdo con los términos del siguiente endoso: ''Nos constituimos mancomún y solidariamente fiadores y principales pagadores de la precedente obligación, renunciando al beneficio de excusión y orden y cuantas leyes pudieran favorecernos; pudiendo conceder el acreedor cualquier prórroga a su deudor sin que por esto se desvirtúe nuestra garantía que quedará subsistente hasta que sea pagada en su totalidad la deuda que afianzamos.''

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. José Ramón Freyre y José G. Torres.*

Abogado del apelado: *Sr. Leopoldo Feliú.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

Los hechos como fueron declarados probados y la conclusión a que llegó el juez de la corte sentenciadora, aparecen expresados en la opinión emitida por él, la cual es como sigue:

''En este caso el demandante reclama de los demandados mancomunada y solidariamente el pago, de la suma de seiscientos dólares, con intereses, costas, gastos, desembolsos y honorarios de abogado, fundando su acción en un pagaré que fué suscrito por los demandados, ante notario público, y a su orden en 8 de agosto de 1911, el cual pagaré habría de satisfacerse al demandante como sigue: Cincuenta dólares en 8 d'e novicmbre del indicado año de 1911, igual suma el mismo día del mes de diciembre del referido año, e igual

suma en la misma fecha de cada uno de los meses de enero, a octubre, ambos inclusives, del año de 1912.

"El demandado contestó oportunamente la demanda, estando juradas ambas alegaciones de las partes, y en el orden regular de señalamientos, tuvo lugar la vista del juicio del caso el día 18 del corriente mes de mayo, habiendo concurrido el demandante, por su abogado Sr. Leopoldo Feliú, y los demandados por el suyo Sr. José Ramón Freyre.

"Oídas las pruebas de ambas partes, así como los argumentos de sus respectivos abogados, la corte se reservó su resolución hasta el día de hoy en que, de acuerdo con la evidencia aportada al acto del juicio y la ley aplicable a este caso, declara probados los siguientes hechos:

"1. Que el pagaré en que se funda la demanda, y al cual se hace referencia al principio de esta opinión fué en efecto suscrito por un tal Abraham Lugo y Quiñones, y por los demandados Delfín Ramírez y José Irizarry y Ursulich, éstos como fiadores y principales pagadores, mancomunados y solidarios de la tal obligación, la cual se extendió pagadera al demandante o a su orden, por la suma de seiscientos dólares, pagaderos éstos en los plazos que dejamos ya indicados anteriormente, el último de los cuales venció el día 8 de octubre de 1912.

"2. Que la expresada suma porque se otorgó el mencionado pagaré, no ha sido satisfecha al demandante por ninguno de los demandados, en modo o forma alguna, parcial ni totalmente.

"3. Que, en cuanto a las defensas presentadas por los demandados, en la materia nueva de su contestación, no ha habido subrogación, arreglo ni transacción en este caso, ni en otro alguno realizado por el demandante, por el cual hayan quedado los demandados relevados del pago del crédito que ahora se reclama.

"En conclusión, la corte encuentra que los demandados, de acuerdo con las disposiciones aplicables del Código Civil Revisado (arts. 1104, 1107 y 1111) y de los hechos probados son responsables al demandante mancomunada y solidariamente, del total de la deuda que se reclama en la demanda.

"Por las razones expuestas, la corte es de opinión que debe dictarse y así se dicta, una sentencia declarando con lugar la demanda y desestimando la contestación y, en su consecuencia condenando a ambos demandados a pagar al demandante mancomunada y solidariamente la suma reclamada en la demanda, con intereses sobre la misma desde el día 8 de octubre de 1912, al seis por ciento anual,

hasta su pago total, con más las costas, gastos, desembolsos de este litigio y honorarios del abogado del demandante. Dada en Maya- güez, P. R., hoy 25 de mayo de 1915. (Firmado) Charles E. Foote, Juez del Distrito.''

Se insiste en que la corte cometió error:

''(1) Al dictar sentencia de conformidad con la opinión que acaba de citarse y de igual fecha que ésta última, porque la misma corte en otro caso había dictado sentencia de fecha diciembre 16, 1912, a favor del demandante en este caso y contra 'el deudor directo Abraham Lugo y Quiñones.'

''(2) En haber totalmente prescindido de la conocida teoría de *estoppel by judgment.*

''(3) En haber totalmente prescindido del principio relativo a la *cosa juzgada (res adjudicata).*

''(4) En no haber tenido en cuenta la corte la subrogación del demandante Ortiz en los derechos que el demandado Abraham Lugo y Quiñones tenía sobre la póliza embargada en el pleito anterior a que se ha hecho referencia.

''(5) En no darle valor legal alguno a la estipulación de fecha 11 de diciembre de 1913, entre el demandante Ortiz y el demandado Abraham Lugo y Quiñones en dicho pleito anterior y que el apelante alega que no es otra cosa que un convenio de aceptar una cosa en lugar de otra que se debe *(accord and satisfaction).*

''(6) En haber infringido el artículo 1138 del Código Civil el cual prescribe lo siguiente:

''El pago de las deudas de dinero deberá hacerse en la especie pactada, y no siendo posible entregar la especie, en la moneda de plata u oro que tenga curso legal en Puerto Rico.

''La entrega de pagarés a la orden, o letras de cambio u otros documentos mercantiles, sólo producirá los efectos del pago cuando hubiesen sido realizados, o cuando por culpa del acreedor se hubiesen perjudicado.

''Entretanto la acción derivada de la obligación primitiva quedará en suspenso.''

Los autos se componen en su totalidad en este caso de copias de la demanda, contestación, y bajo el título de ''prueba documental del demandante,'' copia de un pagaré que es de presumirse sea el que motiva esta acción, después de lo cual sigue la ''prueba documental de los demandados,''

que consiste de una copia de una demanda establecida en la acción No. 3863, titulada *Juan Cancio Ortiz y Lugo, demandante,* v. *Abraham Lugo y Quiñones, demandado,* en la que se alega entre otras causas de acción una basada en un pagaré idéntico en cuanto a su forma y contenido, al pagaré objeto de esta acción, con la súplica de que se dicte sentencia por la suma de ochocientos dólares, con intereses, costas, desembolsos y honorarios de abogado; bajo el mismo número y título, un consentimiento por escrito del demandado, que fué aceptado por el demandante, para que se dicte sentencia por la suma de mil dólares, sin especial condenación de costas; una sentencia en el mismo caso de conformidad con dicho consentimiento; una moción (con igual número y título) para que se dicte una orden de embargo y un diligenciamiento de dicha orden acreditando el embargo hecho en una póliza de seguros por la suma de cuatro mil dólares; una moción en el mismo caso, número 3863, *Ortiz* v. *Lugo,* para que se nombre un síndico para cobrar la póliza así embargada por orden y de acuerdo con las instrucciones de la corte y que el producto sea depositado en la corte, sujeto a la orden y disposición de la misma, y que cualquier sobrante después de satisfechas las varias reclamaciones en la forma y orden de preferencia que la corte pueda disponer sea devuelto al demandado Lugo; una estipulación suplicando que la corte apruebe, y aprobada por el juez en otro caso, número 4231, *Miguel del Toro Colberg, demandante,* v. *Juan Cancio Ortiz y Abraham Lugo y Quiñones, demandados,* en la que las partes convinieron, nombraron y designaron a Joaquín Nazario de Figueroa, para proceder al cobro de cierta póliza de seguros que se alega fué descrita en la demanda en ese caso, pero que no ha sido identificada por el número, suma o en otra forma, como la póliza que fué embargada en el caso número 3863, *supra,* bajo los siguientes términos y condiciones:

"1. Dicho Joaquín Nazario de Figueroa podrá emplear los servicios de abogado para el cumplimiento de las facultades que se

dejan conferidas, con cargo al importe de dicha póliza, y de la suma que de ella se cobre, se cubrirán por él todos los gastos que se hubieren hecho necesariamente para el fin indicado.

"2. De la suma remanente, después de cubiertos dichos gastos, se satisfará por él a Miguel del Toro Colberg, o a su abogado Ricardo del Toro Soler, la participación que en dicha póliza tiene por mil dólares, y a Juan Cancio Ortiz, o a su abogado Leopoldo Feliú, el crédito de éste de mil dólares, por el cual tiene embargada dicha póliza, y el remanente lo entregará a Doña Escolástica Quiñones, o a su abogado de récord, o debidamente nombrado, en pago de su crédito que por dos mil novecientos tiene contra Abraham Lugo, y por el cual ha hecho también embargo sobre dicha póliza. Los créditos que se dejan relacionados constan ya por sentencias firmes de esta misma corte de distrito.

"3. Las partes relevan al Sr. Nazario de Figueroa de la prestación de fianza, en el desempeño de las facultades que le dejan conferidas.

"4. Las facultades en la presente conferidas al Sr. Nazario de Figueroa, se entiende que son sin limitación alguna, dejándole al efecto subrogado en el mismo lugar que los dueños de la póliza referida Sres. Lugo Quiñones y Toro Colberg;"

Copia de una certificación del Secretario de la Corte Federal, la cual es como sigue:

"En la Corte de Distrito de los Estados Unidos para Puerto Rico. *Joaquín Nazario de Figueroa, Síndico de la Honorable Corte de Distrito de Mayagüez* v. *L'Union Fire Insurance Co.*, representada en esta acción por su agente Chas. Vere de San Juan. 1053, Ley. Certificación. Yo, Antonio Aguayo, Secretario de la Corte de Distrito de los Estados Unidos para Puerto Rico por la presente certifico, que consta de los autos del caso arriba titulado que fué expedida una orden de traslado de dicha causa a esta corte por la Corte de Distrito de San Juan en diciembre 2, 1914.

"Certifico además, que la transcripción del récord en la expresada Corte de Distrito de San Juan fué radicada en esta Corte de Distrito de los Estados Unidos para Puerto Rico el día 5 de enero, 1915.

"En testimonio de lo cual, firmo y fijo el sello de dicha corte, hoy día 1 de febrero, A. D. 1915. (Sello.) (Firmado) Antonio Aguayo, Secretario de la Corte de Distrito de Los Estados Unidos para Puerto Rico."

Una sentencia y opinión sin título o número, que es de presumir sea la sentencia y opinión emitida en este caso; copia de un escrito de apelación también sin título o número, que se presume es el escrito de apelación de este caso; una certificación firmada por los abogados de récord en este pleito, creditiva "de que la transcripción del récord que antecede es copia fiel y correcta de las correspondientes constancias originales a que nos remitimos y que obran en los casos seguidos ante la Corte de Distrito de Mayagüez, Puerto Rico, bajo los números 4714, 3863 y 4231 por *Juan Cancio Ortiz* contra *Delfín Ramírez* y *José Irizarry Ursulich, Juan Cancio Ortiz y Lugo* v. *Abraham Lugo y Quiñones,* y *Miguel del Toro Colberg* v. *Juan Cancio Ortiz y Abraham Lugo y Quiñones,* sobre cobro de dinero."

Dejando a un lado toda cuestión de si puede o no esta corte considerar, y hasta qué punto, cualquier parte o porción de la llamada "transcripción" de este caso fuera de la demanda, contestación, opinión del juez sentenciador y sentencia, y admitiendo toda presunción en cuanto a la identidad de los varios documentos que han sido copiados en los autos de los pleitos civiles arriba citados, así como en lo que respecta a su verdadera presentación como prueba en este caso y a que exista una posible afinidad y relación entre dichos pleitos y los referidos documentos, no encontramos, sin embargo, ningún fundamento lógico por virtud del cual podía la corte sentenciadora haber dictado su sentencia a favor del demandado.

Toda la discusión que aparece en los tres primeros señalamientos, *supra,* se basa, como se basó la contestación presentada en la corte de distrito, en la suposición más bien forzada, sin citas de autoridades o sin siquiera indicarse algún verdadero fundamento, de que los demandados son fiadores solamente y no personas obligadas solidaria y mancomunadamente con el principal en cuanto a ellos mismos y el demandante y apelado, en tanto se trata de cualquier cuestión envuelta en dichos señalamientos, como expresamente se dis-

pone en la obligación suscrita por dichos demandados, la cual dice lo siguiente:

"Nos constituimos mancomún y solidariamente fiadores y principales pagadores de la precedente obligación, renunciando al beneficio de excusión y orden y cuantas leyes pudieran favorecernos; pudiendo conceder el acreedor cualquier prórroga a su deudor sin que por esto se desvirtúe nuestra garantía que quedará subsistente hasta que sea pagada en su totalidad la deuda que afianzamos."

La conclusión a que llegó el juez sentenciador acerca del particular está sostenida enteramente por la sentencia de este tribunal en el caso de *Quiñones* v. *Vivoni,* 20 D. P. R. 490, que es terminante en cuanto al punto y hace innecesaria toda discusión de las proposiciones abstractas de ley que han sido promovidas por el apelante en los tres primeros señalamientos de error.

A la luz de los hechos arriba referidos no creemos sea necesario ningún razonamiento para demostrar que las demás alegaciones hechas por el apelante carecen igualmente de méritos.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.